**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

JIMMY LAMAR ELLIS, AIS #181754, :

    **Plaintiff,**              :

vs.                       :    **CIVIL ACTION NO. 15-00598-CG-B**

OFFICER MOODY, *et al.*,      :

    **Defendants.**          :

## REPORT AND RECOMMENDATION

Plaintiff Jimmy Lamar Ellis, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint seeking relief under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I. First Amended Complaint. (Doc. 7).**

This action is before the Court on Ellis's first Amended Complaint, which was filed at the Court's directive, on the form complaint required by this Court for 1983 prisoner actions[1].

---

[1] This action was originally filed in the Middle District of Alabama. (Doc. 5). Following the transfer, Plaintiff was directed to refile his complaint on the form required for 1983

(Docs. 6, 7).   In the amended complaint, Plaintiff names as Defendants, Officer Moody, Lieutenant Banks, and Sergeant Jackson, all of whom are officials at the Holman Correctional Facility where Plaintiff is housed.  (Id. at 5).

Ellis, who is a segregation inmate, makes the following allegations against these officers.  On September 19, 2015, he told Moody he was having chest pains, could barely breathe, and needed to go the Health Care Unit.  (Id. at 4).  Moody said that when he returned he would take Ellis, but Moody did not.  (Id.).  Later that day, Moody made the same statement to Ellis, and did not return, but went home instead.  (Id.).

On September 20, 2015, when Moody and Banks were passing out trays, Ellis tried again to tell Moody, but Moody pretended not to hear him.  (Id.).  Ellis then tried to tell Banks about his chest hurting and being hardly able to breathe, but Banks told him to get off the tray door so it could be locked and asked Moody for the pepper spray.  (Id.).  Moody gave Banks the pepper spray, but Ellis had already left the tray door before Banks could spray him.  (Id. at 5).

Then, when the shift changed, Ellis told Officer G. Letts that he was having chest pains and could hardly breathe.  (Id. at 4).  Officer Letts relayed this information to Sgt. Jackson,

---

prisoner complaints.

who went to Ellis's cell door and told Ellis that a nurse would come to his cell to check him out. (Id.). When the nurse came around, "[he] asked her and she told [him] th[at] Sgt. Jackson never told her anything about [him]." (Id. at 6). And, Sgt. Jackson would not allow anyone to contact a supervisor so that Ellis could be taken to the Health Care Unit. (Id.).

For relief, Ellis states: "To punish each Officers to the fullness as the Court see fit and place a lawsue on each of them as for my pain and suffering [sic]." (Doc. 7).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the First Amended Complaint (Doc. 7) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C.

_____

[2]    Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient

pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, a court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## III. Discussion.

Plaintiff's First Amended Complaint is deficient. It does not include allegations which identify an underlying medical issue, the cause for his chest pains and breathing difficulty, or any injury that he suffered as a result of Defendants' failure to obtain medical attention for him. Due to this lack of information, Ellis has failed to state a claim upon which relief can be granted.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or

laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). In the present action, the constitutional right impacted by Ellis's allegations is the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); see Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000) ("The Eighth Amendment prohibits infliction of cruel and unusual punishments."), cert. denied, 531 U.S. 1077 (2001). In order to show a violation of the Eighth Amendment in the medical context, a prisoner "must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306 (11th Cir. 2009).

Thus, it is Ellis's burden to show that he has an objectively serious medical need. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). In determining if Ellis has a serious medical need, the pertinent test "is whether a delay in treating the need worsens the condition." Mann, 588 F.3d at 1351. That is, "the medical need must be one that, if left unattended, poses a substantial risk of serious harm." Id. (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). It has been noted that this objective component of a medical claim is difficult to meet. Evans v. St. Lucie Cnty. Jail, 448

6

F. App'x 971, 974 (11th Cir. 2011).[3]

Here, Ellis provided no information that describes that which resulted from Defendants' denial of access to medical care to him for a period of, at most, two days.  Indeed, while the Court accepts as true Plaintiff's assertions that during this short period of time, his conditions of chest pain and difficulty breathing continued, <u>see</u> <u>Brown</u>, 387 F.3d at 1347, Plaintiff has not identified any injury he sustained as a result of Defendants' failure to obtain medical attention for him. <u>Mann</u>, 588 F.3d at 1306 (requiring an injury be causally connected to defendants' indifference).  Accordingly, the Court finds that Ellis has failed to allege a serious medical need; therefore, he has failed to state a § 1983 medical claim.[4] <u>See</u> <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1177 (11th Cir. 2011) (affirming the *sua sponte* frivolous dismissal of the denial of a prescribed aspirin because the plaintiff "failed to state a medical condition or plead an injury from being denied the aspirin"); <u>Baez v. Rogers</u>, 522 F. App'x 819, 820 (11th Cir. 2013) (unpublished) (affirming the dismissal of a claim for the

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

[4] Due to this failure, the other elements of a § 1983 medical claim will not be discussed, because all of the elements must be met in order to state a claim.

cancellation of cholesterol medication because the complaint did not allege that he had a current cholesterol problem); Bell v. Secretary, Fla. Dep't of Corr., 491 F. App'x 57, 59-60 (11th Cir. 2012) (unpublished) (finding that the plaintiff did not satisfy the objective component "because he did not show that his testicular cyst, if left unattended, posed a substantial risk of serious harm"); Evans, 448 F. App'x at *4 (11th Cir. 2011) (unpublished) (affirming that the plaintiff's allegation that he hurt his back did not allege a serious medical need because no allegations of pain or limited movement were present); Milton v. Turner, 445 F. App'x 159, 162 (11th Cir. 2011) (unpublished) (affirming the dismissal of the diabetic plaintiff's low blood sugar claim because he did not allege that delay in treatment worsened his condition or defendants' indifference caused an injury); Williams v. Jett, No. 7:12-CV-123(HL), 2012 WL 4483776 (M.D. Ga. 2012)(dismissing, pursuant to § 1915A for failure to state a claim, the plaintiff's allegations that his heart was hurting and that subsequently the defendant nurse merely took his vital signs because he suffered no injury from the defendant's care).

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of

process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Because this action is being recommended for dismissal without prejudice, some of the avenues available to Ellis, (aside from agreeing with the Report and Recommendation and not filing an objection, or disagreeing with it and filing an objection), are: he may file a second amended complaint that states a claim within the time period for filing objections to the Report and Recommendation, or he may file another action within two years from September 19, 2015, when his claims arose. See Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.) (finding the statute of limitations for a § 1983 action in Alabama is two years), cert. denied, 506 U.S. 917 (1992).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19**th day of **October, 2016.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**